IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
'11 JUN 27 AM 9:50

CLERK R auk
SO. DIST. OF GA.

MICHAEL ANTHONY REESE,

    Petitioner,

vs.

                            CIVIL ACTION NO.: CV211-001

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Anthony Reese ("Reese"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Reese filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Reese was convicted in the Middle District of Florida, after a bench trial, of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Reese was sentenced to 262 months' imprisonment, after the trial judge determined Reese qualified as a career offender. Reese filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Reese, 252 F.3d 439 (2001) (Table).

AO 72A
(Rev. 8/82)

Reese filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Reese contended that the trial court erred in determining that he was a career offender pursuant to United States Sentencing Guidelines § 4B1.2. Reese also contended that he received ineffective assistance of counsel. The trial court denied Reese's motion. Reese unsuccessfully appealed the denial of his section 2255 motion. Reese then filed a motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), which the trial court denied.

In this petition, Reese asserts that his prior conviction for corruption by threat against a public servant is no longer considered a "violent felony", and, thus, he is no longer a career offender for sentencing enhancement purposes.

Respondent asserts that Reese does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the

2

> court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Reese has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Reese asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because filing a second § 2255 motion does not provide relief concerning a sentencing claim.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Reese relies on the panel decision in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010). However, the Eleventh Circuit vacated its panel decision and issued in its place Gilbert v. United States, No. 09-12513, ___ F.3d ___, 2011 WL 1885674 (11th Cir. May 19, 2011) (*en banc*)[1]. In the *en banc* Gilbert decision, the Eleventh Circuit determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] ___ F.3d at ___, 2011 WL 1885674, at *17. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the

---

[1] In response to the Motion to Dismiss, Reese requests that this Court hold these proceedings in abeyance until the United States Supreme Court decides whether to grant a petition for writ of certiorari. The Court declines to grant this request, as it appears unlikely that the Supreme Court will grant any such petition.

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

enhancement." Id. at *25 (Emphasis supplied). "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at *16. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at *18.

Reese was convicted of violating 21 U.S.C. § 841(a)(1), and the statutory sentence he faced for his conviction was at least ten (10) years, but no more than life, under 21 U.S.C. § 841(b)(1)(A), or at least five (5) years, but no more than 40 years, under 21 U.S.C. § 841(b)(1)(B). The sentence imposed on Reese (262 months' imprisonment) does not exceed this statutory maximum. Thus, Gilbert does not provide Reese with his requested relief.

Reese fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision[3], that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Reese made the same argument in his section 2255 and section 3582 motions as he does in this petition. Simply because the trial court denied Reese's claims does not mean that section 2255's remedy is inadequate or ineffective. Reese has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before

---

[3] The undersigned notes that Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (2010), is retroactively applicable to cases on collateral attack. However, the decision in Johnson does not provide Reese with his requested relief because he does not meet the other prongs of the Wofford test. Additionally, in Johnson, the Supreme Court determined that the defendant's conviction for battery was not a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). It does not appear that this holding applies to Reese's petition.

AO 72A
(Rev. 8/82)

section 2255's savings clause is satisfied). Because Reese has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Reese cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Reese is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Reese's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)